JOSÉ PÉREZ BARROS, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada.

Núm. 291.—*Sometido:* Febrero 7, 1944. *Resuelto:* Abril 28, 1944.

*Carlos D. Vázquez,* abogado del recurrente; *Angel de Jesús Matos,* abogado de la demandada.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El recurrente fué un patrono asegurado bajo la Ley de Indemnizaciones por Accidentes del Trabajo aprobada el primero de septiembre de 1925, Leyes de Puerto Rico, 1925, pág. 905. De conformidad con el artículo 13 de la citada ley, era deber de todo patrono con derecho a recibir los beneficios de la misma, presentar a la Comisión de Indemnizaciones a Obreros, en o antes del día 15 de julio de cada año, un estado por duplicado, bajo juramento, expresando el número de obreros por él empleados, la clase de ocupación de dichos obreros y la cantidad total de jornales pagados a los mismos durante el año económico anterior. A base de la suma total de los jornales declarados en la referida planilla, se computaba la cuota que por concepto de prima debía pagar el patrono. También disponía el referido artículo que el seguro de cada patrono comenzaba inmediatamente después que hubiere archivado en las oficinas de la Comisión de Indemnizaciones a Obreros el referido estado por duplicado acompañado del importe de la cuota correspondiente.

El 14 de mayo de 1928 se aprobó la Ley de Indemnizaciones por Accidentes del Trabajo, Leyes de Puerto Rico, 1928, pág. 631, la cual empezó a regir el trece de agosto del mismo año. En cumplimiento de lo dispuesto en la ley de 1925 antes mencionada, el recurrente rindió su informe por duplicado y pagó su cuota para el año económico 1928–1929, en o antes del 15 de julio de 1928.

El 27 de octubre de 1928 ocurrió un accidente del trabajo al obrero Juan Paláu, quien trabajaba con el recurrente. Se informó el caso oportunamente, y estimando el Superintendente de Seguros que el recurrente era patrono asegurado, se adjudicó al obrero una compensación de cuatrocientos cuarenta dólares en adición a los jornales perdidos por la

incapacidad con que quedó afecto. Posteriormente, al cursarse la cuenta por hospitalización y servicios médicos el Negociado de Compensaciones a Obreros del Departamento de Hacienda la rechazó, declarando el 8 de agosto de 1929 que el recurrente no era patrono asegurado al ocurrir el accidente. Basó su conclusión el Negociado en que según ellos el recurrente no dió su conformidad de seguir asegurado en el Fondo del Seguro del Estado al comenzar a regir la Ley núm. 85 de 1928 antes aludida; sino después de nueve días de haber ocurrido el accidente en cuestión.

Celebrada una vista en la Comisión Industrial, ésta dictó resolución sosteniendo la contención del Negociado, y denegada la reconsideración que solicitó el patrono, interpuso éste entonces el presente recurso.

La Comisión Industrial basó su resolución en que el recurrente no notificó oportunamente al Negociado su deseo de continuar asegurado en el Fondo del Seguro del Estado hasta el 5 de noviembre de 1928, o sea unos nueve días después de haber ocurrido el accidente en cuestión. La ley de 1928 nada decía sobre el exigir al patrono que indicase si quería o no continuar asegurado en el Fondo del Seguro del Estado, ni imponía como condición precedente a la continuación del seguro ya expedido y pagado, que el patrono antes de determinada fecha enviase tal aviso. Pero, es más, no existe evidencia alguna tendente a determinar la fecha en que se requirió al recurrente para que expresase su conformidad de seguir asegurado con el Fondo, y el único testigo que declaró sobre ese extremo no puede precisar si el aviso que él dice se envió a todos los patronos, fué enviado también al recurrente antes o después de ocurrir el accidente al obrero Juan Paláu. No vemos cómo pueda considerarse al recurrente patrono no asegurado en relación con un accidente ocurrido el 27 de octubre de 1928, cuando con anterioridad al 15 de julio del mismo año el recurrente había pagado la prima que lo aseguraba desde el primero de julio de 1928 hasta el 30 de junio de 1929.

A nuestro juicio la resolución recurrida dictada por la Comisión Industrial el 22 de octubre de 1942 es errónea. *Procede su revocación y devolverse el caso para que la Comisión Industrial dicte otra resolución declarando al recurrente patrono asegurado en el Fondo del Seguro del Estado durante el año económico 1928–29.*